35-07/MEU/LJK
FREEHILL HOGAN & MAHAR LLP
Attorneys for Plaintiff
COSENA SRL CONSTANTZA (ROMANIA)
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Michael E. Unger (MU 0045)
Lawrence J. Kahn (LK 5215)

NOV 20 2007
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

07-Civ- 9378  (NRB)

-----------------------------------------------------------------x
COSENA SRL CONSTANTZA (ROMANIA),

                                    Plaintiff,

        - against –

INTERMONTE INVESTMENTS S.A., f/k/a BODEGAS
VALDIVIA S.A., f/k/a INTERMONTE S.A,

                                    Defendant.
-----------------------------------------------------------------x

**AMENDED
VERIFIED COMPLAINT**

Plaintiff COSENA SRL CONSTANTZA (ROMANIA) (hereinafter "COSENA"), by its

attorneys Freehill, Hogan & Mahar, LLP, as and for its Amended Verified Complaint against

Defendant INTERMONTE INVESTMENTS S.A., f/k/a BODEGAS VALDIVIA S.A., f/k/a

INTERMONTE S.A., (hereinafter, "INTERMONTE") allege upon information and belief as

follows:

        1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure in that it involves a claim for the recognition and enforcement

of a foreign maritime judgment.  This case also falls under this Court's admiralty and maritime

jurisdiction pursuant to 28 U.S.C. §1333.  Jurisdiction is also proper pursuant to the Court's

federal question jurisdiction pursuant to 28 U.S.C. §1331.  Additionally, jurisdiction is proper

pursuant to the New York Convention on the Recognition and Enforcement of Foreign Arbitral

NYDOCS1/294163.1

Awards, codified at 9 U.S.C. §201 *et seq.* and/or pursuant to the Federal Arbitration Act, 9 U.S.C. §1 *et seq.*

2.   At all times relevant hereto, COSENA was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at Bd Elisabeta, No. 14, Constantza, Romania.

3.   At all times relevant hereto, Defendant INTERMONTE was and still is a foreign business entity existing under the laws of a foreign country with an office and place of business at 11408 Jerez de la Frontera, Cadiz, Spain.

4.   COSENA, as vessel owner, entered into two maritime charter party contracts with INTERMONTE (under its former name, Intermonte, S.A.), as charterer.

5.   After the charters were entered Intermonte S.A. changed its name to Bodegas Valdivia S.A. Earlier this year the company name changed to Intermonte Investments S.A.

6.   One charter was for the M.V. TIRGU LAPUS, which charter was dated October 17, 2000. The other charter was for the M.V. SALVA, which charter was dated May 30, 2000.

7.   Both charter parties contained law and arbitration clauses which required, in the event of a dispute between the parties, arbitration at London, England, in accordance with English law.

8.   Disputes arose under both charter parties, and the disputes were heard, pursuant to the agreement of the parties, in arbitration in London, England and awards, five in total (three relating to the M.V. TIRGU LAPUS and two relating to the M.V. SALVA), were rendered in accordance with English law, all in favor of COSENA and against INTERMONTE.

## Disputes Involving the M.V. TIRGU LAPUS

9.    The dispute concerning the M.V. TIRGU LAPUS involved, in part, a claim by COSENA against INTERMONTE for unpaid demurrage and, in part, for non-payment of amounts required pursuant to a deviation agreement.[1]  After the vessel discharged the part cargo in Almeria, Spain, it returned to Motril, where INTERMONTE arrested the vessel when it arrived at Motril for reimbursement of the amounts which INTERMONTE was required to pay. INTERMONTE's actions in the court in Motril, Spain failed and gave rise to a detention claim by COSENA in the arbitration.

10.    With regard to the M.V. TIRGU LAPUS, three partial final awards were issued in favor of COSENA and against INTERMONTE (then still known as Intermare), as follows:

   a.    Interim Final Award dated March 8, 2002

      (1)    $858.16 at 7.5% compounded interest on three monthly rests from January 1, 2001

      (2)    $74,478.50 at 7.5% compounded interest on three monthly rests from January 15, 2001

      (3)    $25,345 at 7.5% compounded interest on three monthly rests from January 1, 2001

      (4)    $34,210 at 7.5% compounded interest on three monthly rests from June 8, 2001

      (5)    $1,274.23 at 7.5% compounded interest on three monthly rests from July 15, 2001

---

[1] Due to a draft restriction at the intended discharge port (Motril, Spain), the vessel had to partial discharge elsewhere (Almeria, Spain), and the parties agreed that INTERMONTE would pay an additional sum for the deviation voyage.

     (6)      Costs and fees of £2,875 (equivalent of $5,879.78 using a conversion rate of £1 = $2.045)

  b.  Interim Final Award dated August 12, 2003

     (1)      £22,673.71 (equivalent of $46,372.18 at 6% compound interest on three monthly rests from March 8, 2002

     (2)      Costs and fees of £925 (equivalent of $1,891.81)

  c.  Interim Final Award dated October 25, 2005

     (1)      €9,140.27 (equivalent of $13,060.97 using a conversion rate of €1 = $1.429) at 6% compound interest on three monthly rests from March 8, 2002

     (2)      £770 (equivalent of $1,574.90) at 6% compound interest on three monthly rests from March 8, 2002

     (3)      $582.16 at 6% compound interest on three monthly rests from March 8, 2002

     (4)      Costs and fees of £1,425 (equivalent of $2,914.65)

11.  In all, the U.S. dollar amount (or equivalent amount using the conversion rates noted above) owed by INTERMONTE to COSENA pursuant to the three arbitral awards in connection with the M.V. TIRGU LAPUS is $317,009.66.  Copies of the three (3) arbitral awards were annexed to the original Verified Complaint filed on October 19, 2007.

12.  The three arbitral awards in connection with these amounts owed by INTERMONTE to COSENA were reduced to judgments in England.  Copies of the English court judgments in connection with the M.V. TIRGU LAPUS were annexed to the original Verified Complaint as Exhibit 2.

## Dispute Involving the M.V. SALVA

13. The dispute concerning the M.V. SALVA chiefly involved a claim by COSENA against INTERMONTE for unpaid demurrage.

14. With regard to the M.V. SALVA, two partial final awards were issued in favor of COSENA and against INTERMONTE as follows:

    a.  Interim Final Award dated March 8, 2002

        (1)    $27,378.90 at 7.5% compound interest on three monthly rests from February 15, 2001

        (2)    Costs and fees of £2,135 (equivalent to $4,366.18 using a conversion rate of £1 = $2.045)

    b.  Interim Final Award dated August 12, 2003

        (1)    £7,610.14 (equivalent to $15,561.60) at 6% compound interest on three monthly rests from August 12, 2003

        (2)    Costs and fees of £675 (equivalent to $1,380.25)

15. In all, the U.S. dollar amount (or equivalent amount using the conversion rates noted above) owed by INTERMONTE to COSENA pursuant to the two arbitral awards in connection with the M.V. SALVA is $69,939.89. A copy of the two arbitral awards is annexed hereto as Exhibit 3.

16. The two arbitral awards in connection with these amounts owed by INTERMONTE to COSENA were reduced to judgments in England. Copies of the English court judgments in connection with the M.V. SALVA were annexed to the original Verified Complaint as Exhibit 4.

17. The total amount owed as of the date of this writing is, as nearly as may presently be calculated, $386,949.55. Due demand has been made of INTERMONTE, but INTERMONTE has refused or otherwise failed to make any payment against the awards and judgments.

### INTERMONTE'S Refusal To Pay Is In Bad Faith

18. There is no legitimate basis at all for INTERMONTE to refuse to pay the judgment. INTERMONTE's refusal or other failure to pay the judgment, which was made pursuant to a clear law and jurisdiction clause in a contract INTERMONTE executed is willful, contumacious, vexatious and in complete and utter bad faith.

19. INTERMONTE's bad faith refusal to pay on the arbitral awards has required COSENA to seek enforcement actions against INTERMONTE, including but not limited to the instant action.

20. COSENA should be awarded its attorneys fees and disbursements in connection with this action by reason of INTERMONTE's bad faith refusal to pay on the arbitral awards.

### Recognition and Enforcement

21. The foreign arbitral awards and/or the English court judgments are final and enforceable and should be recognized and enforced as a judgment of this Court under principles of comity and in conformity with Article 53 of the New York CPLR, and in keeping with the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201 *et seq.* and/or the Federal Arbitration Act, 9 U.S.C §1 *et seq.*

### Maritime Attachment

22. In all, the claim for which COSENA sues in this action, as near as presently may be estimated, totals **$386,949.55**, exclusive of attorneys fees and costs incurred in New York, no part of which has been paid by INTERMONTE, though duly demanded. COSENA specifically

reserves its right to amend this figure and to seek an increase in the amount of security should such sum be insufficient to fully secure COSENA.

23. Upon information and belief, and after investigation, Defendant INTERMONTE cannot be "found" within this district for the purposes of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendant has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due to, from, or for the benefit of Defendant INTERMONTE (hereinafter, "ASSETS"), including but not limited to ASSETS at, being transferred through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein in its own name or in its prior names, BODEGAS VALDIVIA S.A. and/or INTERMONTE S.A.

**WHEREFORE**, Plaintiff COSENA prays:

a.    That process in due form of law according to the practice of this Court issue against Defendant INTERMONTE, citing it to appear and answer under oath all and singular the matters alleged, failing which a default will be taken against it in the principal amount of $386,949.55 plus interest, costs and attorneys fees;

b.    That since Defendant cannot be found within this District pursuant to Supplemental Rule B, all tangible or intangible property of the Defendant, up to and including the sum of **$386,949.55** be restrained and attached, including but not limited to any cash, funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire, sub-charter

hire, and/or any other property of, belonging to, due to, from, or for the benefit of Defendants (collectively "ASSETS"), including but not limited to such ASSETS as may be held, received or transferred in its own name or in its prior name as may be held, received or transferred for its benefit at, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein; and

c.     That this Court recognize and enforce the English Court Judgments and/or arbitral awards in favor of COSENA and against INTERMONTE and also retain jurisdiction over this matter for purposes of any subsequent enforcement action as may be necessary; and

d.     For such other, further and different relief as this Court may deem just and proper in the premises, including but not limited to an award of attorneys fees incurred in this action as a result of the bad faith refusal or failure to pay by INTERMONTE.

Dated: New York, New York
       November 20, 2007

                              FREEHILL HOGAN & MAHAR, LLP
                              Attorneys for Plaintiff
                              COSENA SRL CONSTANTZA (ROMANIA)

               By:     _____
                              Michael E. Unger (MU 0045)
                              Lawrence J. Kahn (LK 5215)
                              80 Pine Street
                              New York, NY  10005
                              (212) 425-1900
                              (212) 425-1901 fax

## ATTORNEY VERIFICATION

State of New York   )
                     ) ss.:
County of New York  )

MICHAEL E. UNGER, being duly sworn, deposes and says as follows:

1.     I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Amended Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2.     The sources of my information and the grounds for my belief are communications, information and documentation provided by our client.

3.     The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
Michael E. Unger

Sworn to before me this
20th day of November , 2007

_____
Notary Public

MELISSA COLFORD
Commissioner of Deeds
City of New York-No. 5-1692
Certificate Filed in New York
Commission Expires 4/1/08

NYDOCS1/294163.1

9

35-07/MEU/LJK
FREEHILL HOGAN & MAHAR LLP
Attorneys for Plaintiff
COSENA SRL CONSTANTZA (ROMANIA)
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax

Michael E. Unger (MU 0045)
Lawrence J. Kahn (LK 5215)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x

COSENA SRL CONSTANTZA (ROMANIA),

                                    Plaintiff,                                    **07-Civ- 9378  (NRB)**

          - against –

                                                                                 **AFFIDAVIT OF SERVICE**

INTERMONTE INVESTMENTS S.A., f/k/a BODEGAS
VALDIVIA, f/k/a INTERMONTE S.A.,

                                    Defendant.
-------------------------------------------------------------------------x

STATE OF NEW YORK       )
                                            ss:
COUNTY OF NEW YORK   )

        I, Michael E. Unger, after being duly sworn, depose and say that I am not a party to the within action, am over 18 years of age and have an office and place of business at 80 Pine Street, New York, New York 10005. On November 202007, I will serve the enclosed Amended Verified Complaint upon:

        INTERMONTE INVESTMENTS S.A.
        11408 Jerez de la Frontera, Cadiz, Spain

                                                                    _____
                                                                            Michael E. Unger

Sworn to before me this
20th  day of November, 2007.

_____
    NOTARY PUBLIC
        MELISSA COLFORD
        Commissioner of Deeds
NYDOCS1/293163 of New York-No. 5-1692                    10
        Certificate Filed in New York
        Commission Expires 4/1/ 08